# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:05-CR-128

United States of America

v.

Daurence Everett Brooks
            Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

   Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 22, 2009, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on August 24, 2006, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. Defendant was subsequently sentenced to 36 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions drug and alcohol treatment, mandatory drug testing; and a $100 special assessment.

## II. The Period of Supervision

On August 25, 2008, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 22, 2009. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |

| | |
|---|---|
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that defendant, on October 2, 2009, was arrested by the Jefferson County Sheriff's Office for the offense of possession of a controlled substance. Defendant is alleged to have possessed 12.58 grams of methylenedioxymethamphetamine, and 16.49 ounces of marijuana. Defendant allegedly failed to report to his supervision officer as directed on October 15, 2009 and on October 20, 2009. Defendant's employment while on supervision is alleged to have been from April 6, 2009 to on or about April 24, 2009 with Ohmstede. Finally, defendant is alleged to have failed to submit urine specimens as required in the U.S. Probation Office's random urine collection program. Specifically, defendant is alleged to have failed to submit urine samples on the following dates: November 20, 2008; January 3, 2009; February 19, 2009; March 16, 2009; May 9, 2009; June 12, 29, 2009; September 8, 18, 2009; and October 19, 2009.

## IV. Proceedings

On November 30, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of

supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to participate in drug and alcohol testing and treatment. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the court should revoke defendant's supervised release and impose 14 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in the U.S. Probation Office's drug testing program.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to participate in the U.S. Probation Office's drug testing program, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(-2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

U.S.S.G. § 7B1.3(c)(2) indicates, where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in drug and alcohol testing and treatment.

**Conclusion and Justification:**

Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by failing to participate in the U.S. Probation Office's drug testing program. Defendant's violation is a Grade C violation with policy guidelines suggesting 8 to 14 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to participate in drug and alcohol testing and treatment. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to participate in drug and alcohol testing and treatment, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 14 months to run consecutively to any other sentence.

4. The court should recommended that defendant serve his term of incarceration in the Beaumont, Texas Bureau of Prison facility.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to

object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 30 day of November, 2009.

_____
Earl S. Hines
United States Magistrate Judge